**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rita Kaduchak, | No. CV-15-02211-PHX-NVW |
| Plaintiff, | **ORDER** |
| v. | |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Rita Kaduchak seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security ("the Commissioner"), which denied her disability insurance benefits and supplemental security income under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. Because the decision of the Administrative Law Judge ("ALJ") is not supported by substantial evidence and is based on legal error, the Commissioner's decision will be vacated and the matter remanded for calculation and award of benefits.

**I.   BACKGROUND**

Plaintiff was born in May 1963 and was 47 years old on the alleged disability onset date. She completed four years of college and is able to communicate in English. She worked as a receptionist, customer service clerk, hospital admitting clerk, and policy

holder information clerk. She has degenerative joint disease, myofascial pain syndrome, osteoarthritis of the joints, and celiac disease.

On December 19, 2011, Plaintiff applied for disability insurance benefits and on October 29, 2013, she applied for supplemental security income, alleging disability beginning June 7, 2010. On December 20, 2013, she appeared with her attorney and testified at a hearing before the ALJ. A vocational expert also testified. On February 28, 2014, the ALJ issued a decision that Plaintiff was not disabled within the meaning of the Social Security Act. The Appeals Council denied Plaintiff's request for review of the hearing decision, making the ALJ's decision the Commissioner's final decision. On November 3, 2015, Plaintiff sought review by this Court.

## II.   STANDARD OF REVIEW

A court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, less than a preponderance, and relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* In determining whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, when the evidence is susceptible to more than one rational interpretation, courts must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

## III.   FIVE-STEP SEQUENTIAL EVALUATION PROCESS

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a severe medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity and determines whether the claimant is still capable of performing past relevant work. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's residual functional capacity, age, education, and work experience. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2015, and that she has not engaged in substantial gainful activity since June 7, 2010. At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative joint disease of the hand, myofascial syndrome, and osteoarthritis in joints. At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.

At step four, the ALJ found that Plaintiff:

> has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant can only perform occasional reaching, handling and fingering.

The ALJ further found that Plaintiff is unable to perform any past relevant work. At step five, the ALJ concluded that, considering Plaintiff's age, education, work experience, and

residual functional capacity, Plaintiff has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy.

## IV. ANALYSIS

### A. Legal Standard

If a claimant's statements about pain or other symptoms are not substantiated by objective medical evidence, the ALJ must consider all of the evidence in the case record, including any statement by the claimant and other persons, concerning the claimant's symptoms. SSR96-7p. Then the ALJ must make a finding on the credibility of the claimant's statements about symptoms and their functional effects. *Id.*

In evaluating the credibility of a claimant's testimony regarding subjective pain or other symptoms, the ALJ is required to engage in a two-step analysis: (1) determine whether the claimant presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of the pain or other symptoms alleged; and, if so with no evidence of malingering, (2) reject the claimant's testimony about the severity of the symptoms only by giving specific, clear, and convincing reasons for the rejection. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "This is not an easy requirement to meet: 'The clear and convincing standard is the most demanding required in Social Security cases.'" *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

To ensure meaningful review, the ALJ must specifically identify the testimony from a claimant the ALJ finds not to be credible and explain what evidence undermines the testimony. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014). "General findings are insufficient." *Id.* The ALJ must make findings "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002); *accord Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).

In making a credibility determination, an ALJ "may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the claimant's allegations." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). But "an ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors." *Id.* Further, the claimant is not required to produce objective medical evidence of the symptom or its severity. *Garrison*, 759 F.3d at 1014. The ALJ must consider all of the evidence presented, including the claimant's daily activities; the location, duration, frequency, and intensity of the pain or other symptoms; factors that precipitate and aggravate the symptoms; effectiveness and side effects of any medication taken to alleviate pain or other symptoms; treatment other than medication; any measures other than treatment the claimant uses to relieve pain or other symptoms; and any other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms. SSR 96-7p.

### B. The ALJ Did Not Provide Clear and Convincing Reasons for Discrediting Plaintiff's Symptom Testimony.

First, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." Second, the ALJ found Plaintiff's "statements regarding the intensity, persistence, and limiting effects of the symptoms not entirely credible to the extent they are inconsistent with the residual functional capacity assessment."

The ALJ identified many of the subjective symptom statements Plaintiff made at the hearing on December 20, 2013, and in an exertional daily activities questionnaire dated May 11, 2012, but failed to specifically identify which statements the ALJ found not to be credible and what evidence undermined the credibility of those statements.

Plaintiff testified that every day she gets extreme pain and numbness in her arms and hands whenever she uses her fingers, hands, and arms. She further testified that the

pain and numbness increases the more she uses her fingers, hands, and arms. She said she would not be able to push and pull with her hands for at least 2½ hours per day. She testified that she is able to sit for 30 minutes at a time, stand/walk for 30 minutes at a time, sit for a total of 2 hours in an 8-hour work day, and stand/walk for a total of 1 hour in an 8-hour work day. She said she spends the rest of her time resting in a recliner or lying down. Plaintiff testified that she has difficulty focusing her attention, concentrating, and finishing tasks.

On the May 11, 2012 exertional daily activities questionnaire, Plaintiff noted that on an average day she reads, watches television, goes for a walk, and rests. She said some days she does very little, but some days she walks slowly around the block once or twice. She stated she is able to do small loads of laundry, put dishes in the dishwasher, and carry light items as needed, but her pain level increases with activity. She said she can drive one to five miles, but her mother drives her to medical appointments, grocery shopping, etc.

The ALJ summarized the objective medical evidence, but did not clearly identify which objective evidence undermined Plaintiff's credibility. Some of her conditions are described as mild, but the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." Among many other things, the ALJ noted that Plaintiff's upper extremity muscle testing was within normal limits, but she had pain in both hands with grip strength testing.

The ALJ said, "Several other factors serve to undermine the claimant's credibility." One "factor" was that Plaintiff listed chronic sinus problems among her impairments in 2012, and she was treated for it in 2004 while still able to work. The ALJ also noted that in August 2013 Plaintiff had some improvement in nasal secretions. Plaintiff's sinus condition is irrelevant to the credibility of Plaintiff's hearing testimony and her May 11, 2012 statement. Neither claims that her chronic sinus problems limit her ability to work.

A second "factor" was that Plaintiff injured her left hand in 2013, from which the ALJ illogically concluded that Plaintiff's left hand must not have been "as severe" until after the fall.

A third "factor" demonstrates the ALJ's misunderstanding of Plaintiff's testimony and medication history. Plaintiff testified that she applies Voltaren gel on her arms and hands to reduce pain. Sometimes she uses heat or cold to treat the pain. She said she occasionally takes over-the-counter Tylenol or Aleve, but no other oral pain medication because of her celiac disease. Plaintiff tried to explain that celiac disease is an autoimmune disorder, and medications that are processed through Plaintiff's gastrointestinal tract have not been effective. For example, in the past she has needed a longer course of antibiotics than would ordinarily be prescribed. She also avoids oral medications that may contain gluten. The ALJ expressly found that Plaintiff's celiac disease was not a severe impairment because Plaintiff has remained on a gluten-free diet with good results. During the hearing, the ALJ expressly referred to Plaintiff's medication list, which shows no medication for celiac disease. Nevertheless, the ALJ stated:

> The claimant alleged at the hearing that due to the slow reaction from medication, which is from celiac disease she chooses not to take medication at all. She alleged she only takes medication for celiac disease, Tylenol as needed and multivitamins. This statement seems contradictory due to the amount of pain the claimant indicates she has. The undersigned has considered the claimant's testimony at the hearing and the exertional daily activities questionnaire completed by the claimant. Based on numerous inconsistencies the undersigned finds the claimant is not entirely credible.

Plaintiff's choosing external pain treatment over oral prescription pain medication that may be ineffective and trigger adverse reactions due to her celiac disease is not inconsistent with Plaintiff's pain testimony.

Therefore, the ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony.

**C.   Remand**

If the ALJ's decision is not supported by substantial evidence or suffers from legal error, the district court has discretion to reverse and remand either for an award of benefits or for further administrative proceedings. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996); *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). "Remand for further proceedings is appropriate if enhancement of the record would be useful." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). "Conversely, where the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." *Id.* (citing *Smolen*, 80 F.3d at 1292). To remand for immediate award of benefits, the Court must find:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). When these three conditions are satisfied, the case should be remanded for immediate award of benefits except when "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Id.* at 1021.

Here, the record is fully developed and further administrative proceedings would serve no useful purpose. The ALJ has failed to provide legally sufficient reasons for rejecting Plaintiff's subjective symptom evidence. The vocational expert testified that if Plaintiff's testimony was true and accurate, Plaintiff would be unable to do any work. An evaluation of the record as a whole does not create serious doubt that Plaintiff is, in fact, disabled.

IT IS THEREFORE ORDERED that the final decision of the Commissioner of Social Security is vacated and this case is remanded for calculation and award of benefits. The Clerk shall enter judgment accordingly and shall terminate this case.

Dated this 21st day of July, 2016.

Neil V. Wake
Senior United States District Judge